UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-20-DLB

RICHARD MCBEE                                                                             PETITIONER

VS.                      **MEMORANDUM OPINION AND ORDER**

JAMES A. DALEY, Jailer                                        RESPONDENT

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Richard McBee is a pre-trial detainee currently confined at the Campbell County Detention Center ("CCDC") in Newport, Kentucky. McBee is being held in the CCDC pending resolution of state criminal charges filed against him by the Commonwealth of Kentucky in *Commonwealth v. McBee*, No. 16-CR-158 (Cir. Ct. Campbell Co. 2016).[1] Proceeding without counsel, McBee has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates McBee's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of

---

[1] According to the state court records, McBee has been charged with Robbery in the First Degree in violation of K.R.S. § 515.020 and being a Persistent Felony Offender in the First Degree in violation of K.R.S. § 532.080(3).

the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a matter of clarification, McBee's petition names as Respondents Michelle Snodgrass (Campbell County Commonwealth's Attorney), Judge Julie Reinhardt Ward (Campbell County Circuit Court Judge) and Rachael Neugent, McBee's current "hybrid" attorney, appointed after McBee had a disagreement with his public defender and sought to represent himself. (Doc. #1 at 8). However, the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004) (recognizing that the proper respondent to a petitioner's habeas petition is the individual with the ability to produce the petitioner before the habeas court). *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a). According to the website for the CCDC, the Jailer of the facility is James A. Daley. *See* https://ccdc.ky.gov (last visited, May 29, 2018). Thus, the Clerk of Court is instructed to substitute Daley as the Respondent in this case. For this reason, McBee's Motion to Strike Racheal O'Hearen-Neugent as Respondent in this proceeding (Doc. # 6) will be denied as moot.

I.

Turning to the merits of McBee's petition, in March 2005, after pleading guilty to one count of conspiracy to manufacture, to distribute, and to possess with intent to distribute 50 grams or more of methamphetamine, McBee was sentenced by the United States District Court for the Middle District of Tennessee to a term of imprisonment of 151 months, to be followed by a three-year term of supervised release. *United States v.*

*McBee*, 3:03-cr-211-1 (M.D. Tenn. 2003). According to McBee, he was released from federal prison in Colorado and reported to the Middle District of Tennessee for his term of supervised release, which began on July 23, 2015. (Doc. # 1 at 14). After an initial violation of the terms of McBee's supervised release, McBee and the United States agreed that McBee would enter into a 28-day inpatient program and that, upon his discharge, he would return to his prior supervised release conditions. The district court held a hearing on the matter on December 1, 2015, found this agreement acceptable, and further ordered a status conference to be held on February 1, 2016. *United States v. McBee*, 3:03-cr-211-1 at R. 94 (M.D. Tenn. 2003). However, before this status conference occurred, a Superseding Petition was filed, pursuant to which a warrant was issued for the arrest of McBee, who had absconded. *Id.* at R. 97.

According to McBee, on January 10, 2016, in Newport, Kentucky, a man called 911 after assaulting McBee with a deadly weapon and reported that McBee had tried to steal his car. (Doc. # 1 at 14). McBee states that, when police arrived on the scene, he told them he was "wanted" and the police ran his name and learned of the federal warrant. *Id.* He was then arrested by the Newport police officers on the federal warrant, not the robbery allegations. He alleges that he was then served with the first degree robbery charges on January 12, 2015, while he was confined in the CCDC on the federal warrant. *Id.*

Although his § 2241 petition references various complaints regarding his multiple appointed public defenders and hybrid attorneys, the judge and prosecutor assigned to his case, and the evidence expected to be introduced against him in his criminal trial, the gist of his claims (as summarized by McBee) are: 1) his rights to a speedy trial are being

3

violated in his pending Kentucky criminal case (Doc. # 1 at 6); 2) the Respondent does not have jurisdiction over his person, in violation of the Supremacy Clause, Article VI, Section 2 of the United States Constitution; and 3) the delays in his Kentucky state criminal case are directly violating his rights to a speedy trial in his federal supervised release violation proceedings pending in the United States District Court for the Middle District of Tennessee. (Doc. # 1 at 16). He requests that the Court order that he be released to federal authorities and that he be immediately provided a speedy trial in his state criminal proceedings. *Id.* at 19.

## II.

While a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the instances in which a pretrial detainee may do so are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained by the United States Court of Appeals for the Sixth Circuit in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts'

> opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id. See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Indeed, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985)(noting that "exhaustion of state remedies is required in the absence of unusual circumstances,...and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated.")(citations omitted).

With respect to McBee's two claims that his speedy trial rights are being violated, McBee states that, although his original attorney in his state criminal proceedings refused to assert his speedy trial rights on his behalf, once he began to represent himself in August-September 2016, he asserted his speedy trial rights in open court. (Doc. #1 at p. 7-9). He also states that he filed motions raising his speedy trial rights in October 2016, January 2017, September 7, 2017, and September 8, 2017 and these were all orally

denied by the court. (*Id.* at p. 9-11). However, there is no indication – either in McBee's petition or in the state court docket – that McBee has pursued his speedy trial act claims further with the higher state courts.

Similarly, with respect to McBee's claim that the state authorities do not have personal jurisdiction over McBee because he was arrested and detained on a federal warrant prior to the filing of his state charges, the Court notes that, according to the Circuit Court record, a motion to dismiss for lack of jurisdiction filed by McBee is currently pending before the court. *Commonwealth v. McBee*, No. 16-CR-158 (Cir. Ct. Campbell Co. 2016). Thus, this claim has yet to be resolved by the Campbell Circuit Court. Thus, because McBee has failed to exhaust his available state court remedies with respect to the claims raised in his § 2241 petition, considerations of federalism and comity strongly counsel against this Court's intrusion into McBee's Kentucky criminal proceedings.

Nor are there other "special circumstances" that would warrant this Court's intervention in McBee's state criminal proceedings. Indeed, with respect to McBee's speedy trial claims, McBee generally complains that his rights to a speedy trial have been violated because, although he was indicted for first degree robbery by a grand jury in Campbell County in March 2016, he has not yet been tried on these charges. He further claims that, because of the delay of his state criminal trial during this time period, the Kentucky authorities are also, in essence, preventing a "speedy trial" of McBee with respect to his pending federal charges. However, during this same time period, even by McBee's own account, his state criminal case has included multiple events that may have reasonably attributed to a delay, including McBee's own disputes with his appointed counsel, his eventual apparent assertion of a right to self-representation, his difficulties

with his appointed hybrid counsel, his conduct during court hearings,[2] a request for an ethics opinion arising from McBee's request for his hybrid attorney's work product related to that attorney's supervisor's prior representation of the alleged victim in McBee's criminal case, a federal lawsuit filed by McBee in this court against the presiding Judge and the prosecutor in his case, two bar complaints filed by McBee against his public defender, a bar complaint McBee filed against the prosecutor, an "article/expose" he wrote and sent to Snodgrass, Ward and Neugent among others, and a federal lawsuit McBee filed against Snodgrass and Judge Ward in a United States District Court in Colorado. *Id.* at 7-19.

In addition, McBee concedes that he filed a motion for a six-month continuance in early December 2016, "with the caveat being everyone should be ready in six months for trial." *Id.* at 10. He also states that he obtained another continuance between September and November 2017 in order to have evidence tested. *Id.* at 11. Thus, the circumstances of this case suggest that the delays in McBee's state criminal proceedings are attributable, to a significant extent, to McBee's own conduct and strategic legal decisions.

Finally, with respect to McBee's claim that his right to a speedy trial in his federal case is being prejudiced by the authorities in Kentucky, he is free to raise this claim in his federal criminal proceedings. However, the Court notes that "[w]hen a defendant violates the laws of several different sovereigns …, at least one sovereign, and perhaps more, will

---

[2] For example, as described by McBee, on July 11, 2016, he was arraigned over video screen at the jail. He explained that, when his public defender was allowed to waive his formal arraignment, "I tried to object, and literally began reading Section II of the Ky. Constitution off to Judge Ward which gives me the right to 'be heard by [my]self and counsel.' Judge Ward got rude, refused to let me get a word in edgewise, and then when I continued to persist, became belligerent and hostile. I yelled that I would represent myself then since my attorney was useless." Doc. # 1 at 7-8.

have to wait its turn at the prosecutorial turnstile." *United States v. Schreane*, 331 F.3d 548, 554-55 (6th Cir. 2003) (quoting *United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998) (further noting that, "[c]ustomarily—although certainly not always—the jurisdiction with custody of the accused … is afforded the first opportunity to prosecute the defendant.").

For all of these reasons, the Court finds that there is an absence of "special circumstances" that would warrant federal intervention into McBee's Kentucky criminal proceedings.

### III.

In sum, because McBee has not exhausted his available state court remedies with respect to the claims raised by his § 2241 petition, nor are there "special circumstances" that would justify this Court's intrusion into the state proceedings, this Court will abstain from exercising habeas jurisdiction over McBee's claims. Thus, McBee's § 2241 petition will be denied without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

Accordingly, **IT IS ORDERED** that:

1. Jailer James A. Daley is **SUBSTITUTED** for the Michelle Snodgrass, Judge Julie Reinhardt-Ward, and Rachael Neugent as the Respondent in this proceeding;

2. McBee's Motion to Strike Racheal O'Hearen-Neugent as Respondent (Doc. # 6) is **DENIED AS MOOT**;

3. McBee's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED WITHOUT PREJUDICE**;

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

5. The Court will enter an appropriate judgment.

This 29th day of May, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\McBee 18-20-DLB Memorandum.docx